**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JANE DOE 1, JANET DOE, and JOHN DOE**, on behalf of themselves and all others similarly situated, | ) | |
| Plaintiffs, | ) | Case No. 1:25-cv-10147<br>Honorable Elaine E. Bucklo |
| **v.** | ) | |
| **VERADIGM, INC. d/b/a ALLSCRIPTS,** | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN LAW IN SUPPORT OF THEIR MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM**

Plaintiffs Jane Doe, Janet Doe, and John Doe ("Plaintiffs") respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion to Proceed Under Pseudonym.

## I. BACKGROUND

This case arises from the non-consensual intrusion into, and disclosure of, Plaintiffs' personal and private matters, namely their protected health information ("PHI"). *See* Doc. 1 ("Compl."), ¶¶ 39-43, 50-51, 115-125. As a result, this litigation involves the filing and disclosure of Plaintiffs' health status, diagnoses, and medical treatment information. Plaintiffs are patients of healthcare providers that use Defendant's "FollowMyHealth" patient portal to, *inter alia*, review doctors' notes, medical records, test results, and prescription information. *Id*. ¶¶ 14-16. Due to the sensitive nature of their protected health information ("PHI"), Plaintiffs requests permission to proceed under a pseudonym to protect their identity and their sensitive medical information from further public disclosure.

## II. ARGUMENT

Anonymous litigation is disfavored and should be permitted only under exceptional circumstances. *Doe ex rel. Doe v. Elmbrook School Dist.*, 658 F.3d 710, 722 (7th Cir. 2011) (internal citations omitted), *overruled on other grounds by Doe ex rel. Doe v. Elmbrook School Dist.*, 687 F.3d 840 (7th Cir. 2012). But "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). Thus, "fictitious names are allowed when necessary to protect . . . particularly vulnerable parties." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). The decision whether to allow a party to proceed pseudonymously is within the discretion of the court. *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997).

The right to privacy of healthcare information is broadly recognized by federal and state law—which underscores Plaintiffs' privacy interests in this case. *See* Compl. ¶¶ 155-175. For example, Congress acknowledged the importance of the privacy of medical records when it enacted HIPAA in 1996. *Nat'l Abortion Fed'n v. Ashcroft*, 04 C 55, 2004 U.S. Dist. LEXIS 1701, at *6 (N.D. Ill. Feb. 5, 2004). Illinois law concerning the confidentiality of patient medical records is more restrictive than HIPAA. *Id.* at *9-10. The Illinois Code of Civil Procedure states that "no physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve the patient" unless one of eleven enumerated conditions exist. Id. (quoting 735 ILCS 5/8-802).

In *Doe v. ProHealth Care*, as is the case here, the plaintiff brough claims against his healthcare provider regarding the defendant disclosing his personally identifiable information (PII) and protected health information (PHI) to third parties, including Meta Platforms, Inc. Case No. 23-cv-0296-bhl, 2023 U.S. Dist. LEXIS 57887, at *1 (E.D. Wis. Apr. 3, 2023). The plaintiff moved to proceed anonymously, arguing he was "particularly vulnerable" because publication of his real name alongside any of his improperly released PII and PHI would make him a prime target for "identity theft, medical identity theft, fraud and financial loss, discrimination, stigma, mental anguish and other negative consequences." *Id.* at *2. In granting the plaintiff's motion, the court noted that the United States Department of Health and Human Services ("HHS") recently released guidance materials, warning:

> [A]n impermissible disclosure of PHI may result in identity theft, financial loss, discrimination, stigma, mental anguish, or other serious negative consequences to the reputation, health, or physical safety of the individual or to others identified in the individual's PHI.

*Id.* (citing U.S. Dep't of Health & Human Servs., Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates, https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/hipaa-online-tracking/index.html (last visited Mar. 29, 2023). The court further considered that there would be virtually no prejudice to the defendant because the plaintiff promised to reveal his true identity to the defendant so the defendant could adequately investigate his claims. *Id.* at *3. Finally, the court ruled "[i]t is also noteworthy that public disclosure of Doe's identity might cause him to incur 'the injury litigated against.'" *Id.* (citing *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017)).

Here, Plaintiffs allege Defendant disclosed information related to Jane Doe's test results, doctor's notes, and searches for treatment information in connection with her ongoing breast cancer treatment. Compl. ¶ 118. Plaintiffs also allege Defendant disclosed data regarding Janet

Doe's appointment details, messages from her treating physicians, treatment information, and lab results in connection with her ongoing treatment for heart and dermatology issues. *Id.* ¶ 121. Similarly, John Doe alleges Defendant disclosed data related to his appointment details, messages from his treating physicians, test results, his physicians' names, and information related to his treatment for high cholesterol, chronic obstructive pulmonary disease ("COPD"), and peripheral neuropathy. *Id.* ¶ 117. Thus, Plaintiffs have substantial privacy interests in proceeding pseudonymously because the litigation process may reveal sensitive medical information. Indeed, denial of Plaintiff's motion would publicize that they ***currently receive*** medical care for the conditions stated.

As in *ProHealth Care,* the Court should allow Plaintiffs to proceed anonymously because they are "particularly vulnerable;" indeed, they are receiving treatment for serious medical conditions. Furthermore, as in *ProHealth Care*, there will be no prejudice to Defendant as Plaintiffs will reveal their true identities to Defendant to allow Defendant to investigate their claims. On balance, any public interests which favor publicity of litigant's identities are outweighed by Plaintiffs' interest in maintaining the privacy of their conditions and healthcare information. Thus, the Court should grant Plaintiffs' motion.

## III. CONCLUSION

Plaintiff respectfully requests that the Court enter an order permitting them to proceed under pseudonym.

*[Attorney signature block to follow on next page.]*

Dated: August 28, 2025

Respectfully submitted,

*/s/ Raina C. Borrelli*
Raina C. Borrelli
Samuel J. Strauss
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 North Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
raina@straussborrelli.com
sam@straussborrelli.com

Foster C. Johnson*
Joseph Ahmad*
**AHMAD, ZAVITSANOS, & MENSING, PLLC**
1221 McKinney, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

*Attorneys for Plaintiffs, Individually and behalf of all others Similarly Situated*

* *Pro Hac Vice Pending*

## CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that on August 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will send a copy of the foregoing to the Defendants at the following address via certified mail:

**Veradigm, Inc. d/b/a Allscripts**
208 SO LASALLE ST, SUITE 814
CHICAGO, IL 60604-1101

*Defendants*

DATED this 28th day of August, 2025.

STRAUSS BORRELLI PLLC

By: */s/ Raina C. Borrelli*
Raina C. Borrelli
raina@straussborrelli.com
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109