IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, JANET DOE, and JOHN DOE, on behalf of themselves and all other similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>VERADIGM, INC. d/b/a ALLSCRIPTS,<br><br>Defendant. | Case No. 1:25-cv-10147<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

On August 25, 2025, Plaintiffs, proceeding under the pseudonyms "Jane Doe," "Janet Doe," and "John Doe," filed this class action lawsuit against Defendant Veradigm, Inc. alleging violations of the Electronic Communication Privacy Act, 18 U.S.C. § 2510 (Count I), negligence (Count II), and violations of the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.* (Count III). [1]. On August 28, 2025, Plaintiffs filed a motion to proceed under a pseudonym. [9]. This Court denied that motion without prejudice, explaining that the motion did not address recent Seventh Circuit precedent regarding pseudonyms. [20]. On October 6, 2025, Plaintiffs refiled their motion to proceed under a pseudonym. [25].

The use of fictitious names is generally disfavored in federal courts. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). A district court, however, has "discretion to permit pseudonymous litigation when the balance of harms justifies it." *Doe v. Young*, No. 24-2871, 2025 WL 927320, at *2 (7th Cir.

1

Mar. 27, 2025). To proceed under a pseudonym, a plaintiff must show that "the harm to the plaintiff … exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

Plaintiffs' claims here involve allegations that Defendant improperly disclosed Plaintiffs' protected health information ("PHI") to Google via Google's online marketing systems. [1] ¶¶ 1–12. The very nature of this case, therefore, involves Plaintiffs' PHI. Plaintiffs contend that this makes them particularly vulnerable if their true names are revealed, as the publication of their names alongside any of the improperly released PHI would make them a prime target for "identity theft, medical identity theft, fraud and financial loss, discrimination, stigma, mental anguish and other negative consequences." [25] at 1.

Plaintiffs' argument is a strong one. The right to medical privacy is recognized under both federal and Illinois law. The Department of Health and Human Services, for instance, has explained that impermissible disclosure of PHI "may result in identity theft, financial loss, discrimination, stigma, mental anguish, or other serious negative consequences to the reputation, health, or physical safety of the individual or to others identified in the individual's PHI." U.S. DEP'T OF HEALTH & HUMAN SERVS, *Use of Online Tracking Technologies by HIPPA Covered Entities and Business Associates*, https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/hipaa-online-tracking/index.html (last reviewed October 22, 2025). Congress also acknowledged the importance of the privacy of medical records when it enacted HIPAA in 1996. *Nat'l Abortion Fed'n v. Ashcroft*,

2

2004 WL 292079, at *2 (N.D. Ill. Feb. 6, 2004). Illinois law, moreover, provides that "no physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve the patient" unless an enumerated exception applies. *Id.* at *3 (quoting 735 ILCS 5/8-802). Requiring Plaintiffs to proceed using their actual names would harm these privacy interests. Indeed, given the nature of Plaintiffs' allegations, Plaintiffs' PHI will most likely be discussed in open court and included in filings. Though this Court can hold closed-door hearings and require redactions to protect that PHI, precluding the public from understanding the exact PHI that Google allegedly received—which could be necessary if Plaintiffs were forced to identify themselves—would "undermine the public's ability to understand rulings and issues at stake in this case." *In re Meta Pixel Healthcare Litig.*, No. 2025 WL 807954, at *2 (N.D. Cal. Mar. 12, 2025). The harm to the public from concealing Plaintiffs' names, therefore, could quite likely exceed the harm of allowing Plaintiffs to proceed under a pseudonym.

The Court also agrees with Plaintiffs that the nature of this case differs than the lawsuits in *Doe v. Loyola Univ. Chicago*, 100 F.4th 910 (7th Cir. 2024) and *Blue Cross & Blue Shield*. Those cases involved a Title IX claim and an ERISA claim, respectively. The sensitive information the plaintiffs wished to be disassociated from—alleged misconduct in *Loyola* and a psychiatric disorder in *Blue Cross & Blue Shield*—were tangential to those claims. But here, the injury litigated against is the same interest Plaintiffs seek to protect through pseudonyms: disclosure of Plaintiffs'

3

PHI. If Plaintiffs' true identities are revealed, that would exacerbate the very harm they seek to remedy by bringing this lawsuit. *Meta*, 2025 WL 807954, at *2 ("Requiring plaintiffs who seek to vindicate their privacy rights to publicly link their names to the information they seek to protect … is against the public interest."); *Doe v. Purdue Univ.,* 321 F.R.D. 339, 342 (N.D. Ind. 2017) (allowing pseudonyms where the injury litigated against would be incurred from disclosing plaintiff's identity). Finally, there will be no prejudice to Defendant as Plaintiffs have agreed to reveal their true identities to Defendant, pursuant to a protective order, to allow Defendant to investigate their claims. [25] at 5.

For the stated reasons, the Court finds that Plaintiffs should be allowed to proceed anonymously. The Court, however, may revisit this issue at a later stage of the case if Defendant so moves. Plaintiffs' Motion for Permission to Proceed Under a Pseudonym [25] is granted.

E N T E R:

Dated: October 22, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge